UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FERNANDO E. MORALES,

    Plaintiff,

v.                                    CASE NO.: 6:16-cv-358-Orl-28GJK

POINT 180, LLC,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Fernando E. Morales ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint for damages, injunctive relief, and declaratory relief against Defendant, Point 180, LLC ("Defendant" or "Point 180") and states as follows:

## NATURE OF THE CLAIM

1. This is an action for damages, injunctive relief, and declaratory relief to redress the deprivation of rights secured by Section 760, *et seq.*, Florida Statutes, known as the Florida Civil Rights Act of 1992 ("FCRA") and by 42 U.S.C. § 12101, et. seq, known as the Americans with Disabilities Act of 1990, as amended ("ADA-AA").

## JURISDICTION

2. Jurisdiction is proper in this court pursuant to 42 U.S.C. § 12101, et. seq. and 28 U.S.C. § 1331.

## VENUE

3. The venue of this Court is proper because Osceola County is the location where Point 180 has a store and offices for its marketing business, is the county where Plaintiff worked

for Defendant, and it is the county where the cause of action accrued.

## THE PARTIES

5. At all times material hereto, Plaintiff was a legal resident of the United States of America and the State of Florida and, specifically, Osceola County, Florida.

6. Point 180 is a for-profit corporation organized under the laws of the State of Delaware and at all times material hereto transacted business and performed services in Osceola County, Florida. Point 180 was Plaintiff's employer within the scope of the FCRA and ADA-AA during the times relevant to this Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Prior to filing this civil action, Plaintiff timely filed a January 28, 2006, written Charge of Disability Discrimination against Point 180 with the U.S. Equal Employment Opportunity Commission ("EEOC").

8. More than 180 days have passed since Plaintiff filed his EEOC Charge. Therefore, this civil action is timely under state and federal laws and is ripe for suit.

9. Plaintiff has fully exhausted all administrative prerequisites and conditions precedent applicable to the FCRA and the ADA-AA and the case is ripe for adjudication.

## STATEMENT OF FACTS

10. Plaintiff suffers from ataxia which is a brain condition that affects his ability to walk, his movement and his speech.

11. Plaintiff has a history of medical treatment for ataxia.

12. Plaintiff suffers from a disability under the ADA-AA.

13. Plaintiff suffers from a handicap under the FCRA.

14. On or about February 28, 2014, Plaintiff began working as a Salesperson for Point 180 in Kissimmee, Osceola County, Florida.

15. Plaintiff's Manager was Don Miller.

16. On November 6, 2014, Miller terminated Plaintiff.

17. Miller terminated Plaintiff because Miller believed he suffered from alcoholism and for allegedly being drunk at work.

18. These allegations are false.

19. Plaintiff is not an alcoholic.

20. Plaintiff does not suffer from substance abuse.

21. Plaintiff never reported to work drunk.

22. Plaintiff explained to Miller that he suffers from ataxia.

23. Plaintiff explained to Miller that ataxia affects his gait, ability to walk, his movements, and, sometimes, his speech.

24. However, Miller ignored Plaintiff and terminated him anyway.

25. Miller terminated Plaintiff because he suffers from a disability and handicap (i.e., ataxia).

26. Alternatively, Miller perceived and regarded Plaintiff as suffering from a disability and handicap (i.e., alcoholism) and terminated Plaintiff because of his perceived disability.

27. At all times material hereto, Plaintiff was qualified for employment, including but not limited to, the date upon which he was terminated.

28. As a result of Plaintiff's unlawful termination, Plaintiff has suffered and continues to suffer damages.

29. The aforementioned acts and omissions of Point 180 and its representatives, employees and agents, were malicious, intentional and constitute a wanton, willful and reckless disregard by Point 180 for Plaintiff's protected employment rights.

37. Plaintiff has retained the undersigned counsel and the law firm of Hogan & Hogan, P.A. to represent him in this matter and has agreed to pay undersigned counsel and said firm a reasonable attorney's fee for their services.

## COUNT I
## DEFENDANT'S UNLAWFUL TERMINATION OF PLAINTIFF BASED ON DISABILITY & HANDICAP IN VIOLATION OF THE ADA-AA & FCRA

38. Plaintiff re-alleges and incorporates herein, his allegations as set forth in Paragraphs numbered 1 through 37 above, as if fully set forth herein.

39. The aforementioned acts and omissions of the Defendant, its employees, managers, representatives and agents constitute unlawful termination because of Plaintiff's handicap and disability (i.e., ataxia) in violation of the ADA-AA and FCRA.

40. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court hold Point 180 liable for the following relief:

   A. A declaration that Defendant violated the ADA-AA and FCRA;

   B. An injunction against Defendant prohibiting further violations of the ADA-AA and FCRA;

   C. Award Plaintiff back pay including interest in the form of lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

D. Award Plaintiff compensatory damages including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;

E. Front pay;

F. Punitive damages;

G. The costs of this action together with reasonable attorney's fees;

H. Pre-judgment interest;

I. Post-judgment interest; and

J. Such other and further relief as is just, equitable, and proper.

## COUNT II
## DEFENDANT'S UNLAWUL TERMINATION OF PLAINTIFF BASED ON PERCEIVED DISABILITY IN VIOLATION OF THE ADA-AA & FCRA

41. Plaintiff re-alleges and incorporates herein, his allegations as set forth in Paragraphs numbered 1 through 40 above, as if fully set forth herein.

42. The aforementioned acts and omissions of the Defendant, its employees, managers, representatives and agents constitute the Defendant's unlawful termination of Plaintiff based on his perceived disability and handicap (i.e., alcoholism) in violation of the ADA-AA and FCRA.

43. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court hold Point 180 liable for the following relief:

A. A declaration that Defendants violated the ADA-AA and FCRA;

B. An injunction against Defendants prohibiting further violations of the ADA-AA and FCRA;

C. Award Plaintiff back pay in the form of lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

D. Award Plaintiff compensatory damages including, but not limited to, for mental anguish, loss of dignity, and any other intangible injuries;

E. Front pay;

F. Punitive damages;

G. The costs of this action together with reasonable attorney's fees;

H. Pre-judgment interest;

I. Post-judgment interest; and

J. Such other and further relief as is just, equitable, and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff herein demands a jury trial on and for all issues so triable.

Respectfully submitted this 26th day of February, 2016.

/s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No. 426903
Hogan & Hogan, P.A.
906 E. Michigan Street
Orlando, FL 32806
Tel: (407) 422-2188
Fax: (407) 422-3291
Primary email: dperez@hoganlegal.com
Secondary email: brene@hoganlegal.com
Attorney for Plaintiff